**Elizabeth G. KRISHNAN, M.D., Appellant,**

v.

**LAW OFFICES OF PRESTON HENRICHSON, P.C. and Katherine Driscoll Julia, Appellees.**

**No. 13–01–204–CV.**

Court of Appeals of Texas, Corpus Christi.

July 25, 2002.

---

Ronald G. Hole, Hole & Alvarez, L.L.P., McAllen, for Appellant.

Jane M. N. Webre, Sara M. Wilder, Steve McConnico, Scott, Douglass & McConnico, L.L.P., Austin, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, Elizabeth G. Krishnan, M.D., brings this appeal following a summary judgment dismissing her defamation cause of action against appellees, Law Offices of Preston Henrichson, P.C., and Katherine Driscoll Julia.[1] By three issues, appellant contends the trial court erred by: (1) overruling her objections to appellees' summary judgment evidence; (2) granting appellees' summary judgment; and (3) denying appellant's motion for a partial summary judgment. We affirm.

## I. BACKGROUND

In May 1993, Belinda Rodriguez, approximately twenty weeks pregnant, arrived at Knapp Medical Center complaining of pain in her abdomen. After Dr. Gonzalo Caballero, Rodriguez's prenatal care physician, examined her, he determined that she had a ruptured placenta. Because Dr. Caballero was not handling major obstetric complications, he referred Rodriguez to appellant's care. Appellant performed an emergency hysterectomy to stop the bleeding and to remove Rodriguez's placenta. Appellant also performed a cesarean section. Rodriguez's baby did not survive the operation. During the years following the surgery, Rodriguez's attempts to become pregnant were unsuccessful.

In November 1998, Rodriguez underwent an exploratory laparoscopy to determine the source of her infertility. The surgery revealed segments of Rodriguez's fallopian tubes were missing. The only explanation for this was that, at some point in time, a doctor had performed a bilateral tubal ligation. Rodriguez later received a second opinion confirming the diagnosis. Because Rodriguez never consented to

---

1. Katherine Driscoll Julia is an attorney with the Law Offices of Preston Henrichson, P.C.

such an operation or sterilization, she contacted appellees to seek legal remedies.

On June 16, 1999, appellees sent separate notice letters to appellant, Dr. Caballero, and Knapp Medical Center asserting a "health care liability claim."[2] However, in August 1999, appellees only filed suit against appellant and Knapp Medical Center.[3] Appellant filed suit for defamation against appellees based on the contents of the letter sent to Dr. Caballero. Appellees filed a traditional motion for summary judgment and appellant filed a partial, traditional and no-evidence summary judgment motion. The trial court granted appellees' summary judgment, denied appellant's partial summary judgment, and dismissed appellant's defamation cause of action. This appeal ensued.

## I. OBJECTIONS TO APPELLEES' SUMMARY JUDGMENT EVIDENCE

■ By her first issue, appellant contends the trial court erred in overruling her objections to appellees' summary judgment evidence. We review a trial court's decision to admit or exclude summary judgment evidence under an abuse of discretion standard. *Larson v. Family Violence & Sexual Assault Prevention Ctr. of S. Tex.*, 64 S.W.3d 506, 511 (Tex.App.-Corpus Christi 2001, pet. denied); *Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 409 (Tex.App.-Waco 2001, pet. denied).

### A. Affidavit

■ Appellant first objected to the affidavit of appellee, Katherine Driscoll Julia, arguing the affidavit contained hearsay and conclusory statements. To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, set forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to matters stated therein. Tex.R. Civ. P. 166a(f); *Larson*, 64 S.W.3d at 511. An affidavit by an interested party must be clear, positive and direct, credible and free from contradictions and inconsistencies, and capable of being readily controverted. Tex.R. Civ. P. 166a(c). An affidavit supporting or opposing a motion for summary judgment must set forth facts, not legal conclusions. *Larson*, 64 S.W.3d at 514 n. 6; *Hall v. Rutherford*, 911 S.W.2d 422, 424 (Tex.App.-San Antonio 1995, writ denied). Statements of subjective belief are no more than conclusions and are not competent summary judgment evidence. *Tex. Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex.1994).

Appellant argues the following statement made in Julia's affidavit is conclusory: "I drafted each of these letters in good faith.... I had every intention of bringing suit against each ... of these health care providers, including Dr. Caballero...." Because this statement is based on Julia's subjective belief, we conclude this statement is not competent summary judgment evidence. *See id.* The trial court abused its discretion and erred in overruling appellant's objection. *See Larson*, 64 S.W.3d at 511. We will not consider this portion of the affidavit. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965); *Montemayor v. Chapa*, 61 S.W.3d 758, 762 (Tex.App.-Corpus Christi 2001, no pet.).

■ However, the remaining portions of Julia's affidavit do constitute competent summary judgment evidence. *See Grotjohn Precise Connexiones Int'l v. JEM Fin., Inc.*, 12 S.W.3d 859, 867 (Tex.

2. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 4.01(a) (Vernon Supp.2002).

3. Rodriguez's suit against appellant and Knapp Medical Center is pending.

App.-Texarkana 2000, no pet.); *Muhm v. Davis,* 580 S.W.2d 98, 102 (Tex.Civ.App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.). For instance, Julia's affidavit affirmatively sets out that she has personal knowledge of facts which led her to write the letter to Dr. Caballero. *See Ryland Group v. Hood,* 924 S.W.2d 120, 122 (Tex.1996). Additionally, Julia's assertions regarding her personal knowledge and experience as an attorney, and as the attorney for Rodriguez, show her competence to testify about why she sent the article 4590i letter to Dr. Caballero and why a suit was not subsequently filed against him. *See Esquivel v. Mapelli Meat Packing Co.,* 932 S.W.2d 612, 618 (Tex.App.-San Antonio 1996, writ denied). Finally, the affidavit sets forth admissible facts. *Larson,* 64 S.W.3d at 512. We conclude the remaining portion of Julia's affidavit is competent summary judgment evidence. *See Muhm,* 580 S.W.2d at 102.

■ Appellant next argues the trial court erred by denying her objection to Julia's affidavit because of alleged hearsay statements. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex.R. Evid. 801(d). In this instance, Julia was simply outlining the reasons why she wrote the letter to Dr. Caballero. She was not attempting to prove appellant did in fact perform an unauthorized bilateral tubal ligation. We conclude this objection had no merit and was properly denied by the trial court.

### B. Medical Records

■ Appellant argues the trial court erred in denying her objection to the medical records attached as an exhibit to Julia's affidavit. Appellant objected to alleged hearsay statements in the medical records and because the records were not sworn or certified.

■ Rule 166a(f) of the Texas Rules of Civil Procedure states that copies of papers referred to in summary judgment affidavits must be sworn or certified. *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986) (citing to former rule 166 A(e), now rule 166a(f)). Copies of documents which are attached to a properly prepared affidavit are sworn copies within the meaning of rule 166a(f). *Id.* (citing *Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983)). In this instance, Julia stated in her affidavit that the medical report was a true and correct copy given to her by Rodriguez. Furthermore, we have already held Julia's affidavit is competent summary judgment evidence, without considering the portion that is not competent evidence. Therefore, we conclude the attached medical records satisfy the requirements of rule 166a(f). *See id.* Additionally, appellant's hearsay objections do not have any merit because none of the statements in the records were used to prove the truth of the matter asserted. *See* Tex.R. Evid. 801(d). The trial court properly overruled appellant's objections to the medical records.

### C. Pleadings

■ Appellant argues the trial court erred in denying her objection to two pleadings attached to Julia's affidavit. Pleadings do not constitute summary judgment evidence and should not be considered in determining whether fact issues are expressly presented in summary judgment motions. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). However, in this instance, Julia did not attach the pleadings to prove a fact issue or contention. Rather, she attached the pleadings as a reference to a pending case she had previously referred

to in her affidavit. Julia's affidavit states, in part,

> [W]e filed suit on behalf of Mrs. Rodriguez and her husband, Jesus, against Knapp Medical Center and Dr. Elizabeth Krishnan. That suit, Cause No. C–4524–99–B; *Rodriguez v. Krishnan*, et al., is currently pending in the 93rd District Court, Hidalgo County, Texas. True and correct copies of Plaintiffs' Original Petition and the most current pleading are attached hereto as "Exhibits 11–12."

Appellant fails to cite to, and we do not find, any cases that have held pleadings from another case cannot be used to prove the existence of the pending case. Furthermore, appellant did not object to the portion of Julia's affidavit where she attests to the pending case. Thus, the trial court had judicial notice of the pending case whether or not the trial court considered the attached pleadings. *See* Tex.R. Civ. P. 166a(f); *Schindler*, 717 S.W.2d at 607. We conclude the trial court did not err in overruling appellant's objection.

### D. Rodriguez's Affidavit

Finally, appellant objected to Rodriguez's affidavit because of alleged hearsay statements, and because the affidavit was not sworn or certified. Upon review of the affidavit, it is clear the affidavit was sworn and certified in compliance with rule 166a(f). *See* Tex.R. Civ. P. 166a(f). Furthermore, none of the statements in the affidavit were made or used to prove the truth of the matter asserted; the statements are not being used to actually prove that certain procedures were actually performed on Rodriguez, but rather only what Rodriguez told Julia prior to sending the 4590i letters. *See* Tex.R. Evid. 801(d). We conclude both objections had no merit and the trial court properly overruled each objection. Appellant's first issue is sustained as to her conclusory statement objection to Julia's affidavit and is overruled as to her remaining objections.

## II. BASIS FOR GRANTING SUMMARY JUDGMENT

By her second issue, appellant contends the trial court erred by granting appellees' motion for summary judgment.

The granting of a summary judgment is proper if the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's causes of action, or whether the defendant has established all elements of an affirmative defense. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996); *Crain v. Smith*, 22 S.W.3d 58, 60 (Tex.App.-Corpus Christi 2000, no pet.). In determining whether a genuine issue of material fact exists, we view as true all evidence favorable to the non-movant and all reasonable inferences must be indulged in the non-movant's favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Vargas v. K.K.B., Inc.*, 52 S.W.3d 250, 254 (Tex.App.-Corpus Christi 2001, pet. denied). A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish the defense. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex.1997); *Crain*, 22 S.W.3d at 60. If the moving party has established its right to summary judgment, the burden shifts to the non-moving party to present evidence that would raise a genuine issue of material fact. *Larson*, 64 S.W.3d at 514. Summary judgment may be obtained in a defamation case upon a proven plea of privilege. *Thomas v. Bracey*, 940 S.W.2d 340, 342 (Tex.App.-San Antonio 1997, no writ).

### A. Absolute Privilege

In their motion for summary judgment, appellees contended they had an absolute

privilege because the alleged defamatory statements in the letter were related to, and in contemplation of, a judicial proceeding.

Communications and publications made in the due course of a judicial proceeding will not serve as the basis for a defamation action. *See James v. Brown,* 637 S.W.2d 914, 916–17 (Tex.1982); *Crain,* 22 S.W.3d at 62. The immunity is absolute even if the statement is false and uttered or published with express malice. *Dallas Indep. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 238 (Tex.App.-Dallas 2000, pet. denied), *cert. denied,* —— U.S. ——, 122 S.Ct. 342, 151 L.Ed.2d 258 (2001). The privilege not only extends to statements made during litigation, but also to statements made in contemplation of and preliminary to judicial proceedings. *See Watson v. Kaminski,* 51 S.W.3d 825, 827 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Finlan,* 27 S.W.3d at 238. To be privileged, the communication must bear some relationship to pending or proposed litigation and must further the attorney's representation. *Watson,* 51 S.W.3d at 827 (citing *Russell v. Clark,* 620 S.W.2d 865, 868–69 (Tex.Civ. App.-Dallas 1981, writ ref'd n.r.e.)); *Helfand v. Coane,* 12 S.W.3d 152, 157 (Tex. App.-Houston [1st Dist.] 2000, pet. denied); *but see Bell v. Lee,* 49 S.W.3d 8, 11 (Tex. App.-San Antonio 2001, no pet.) (privilege attaches if statement has some relationship to contemplated proceeding, regardless of whether it in fact furthers representation).

Whether an attorney's out-of-court statement is related to a proposed or existing judicial proceeding is a question of law to be determined by the trial court. *Finlan,* 27 S.W.3d at 239. When deciding the issue, the trial court must consider the entire communication in its context and extend the privilege to any statement that bears some relationship to an existing or proposed judicial proceeding. *Watson,* 51 S.W.3d at 827; *Russell,* 620 S.W.2d at 870. All doubt should be resolved in favor of the communication's relevancy to the proceeding. *Thomas,* 940 S.W.2d at 343.

In this case, appellees wrote a 4590i letter to Dr. Caballero alleging that he committed negligence. *See* Tex.Rev. Civ. Stat. Ann. art. 4590i, § 4.01(a) (Vernon Supp.2002) (4590i letter provides written notice and is a requisite when asserting a health care liability claim against a party). In the 4590i letter, appellees explained the negligence claim against Dr. Caballero was based on the actions of appellant, who allegedly performed a tubal ligation on Rodriguez without her consent. By providing such details, appellees were merely informing Dr. Caballero of the negligence claim they were contemplating filing against him; the letter and its contents were serving as notice. *See In re Fontenot,* 13 S.W.3d 111, 114 (Tex.App.-Fort Worth 2000, no pet.) ("The purpose of the [the 4590i letter] is to provide potential defendants and their representatives a 60–day pre-suit period in which to gather information and determine whether claims have merit and should be resolved without litigation."). The 4590i letter sent to Dr. Caballero also provided, "if this claim is not settled within sixty (60) days from the date this notice is given, the [appellees] will commence legal action against you to recover damages." Furthermore, appellees subsequently sent another letter requesting all records, files, or other documents Dr. Caballero had in his possession that related to the care provided for Rodriguez. This letter, along with the 4590i letter, show that appellees' statements regarding appellant were in contemplation of a judicial proceeding.

Appellees' later decision not to pursue the action against Dr. Caballero is irrelevant. There is no requirement that a

person actually get sued for the privilege to apply; only that the statements are related to a contemplated judicial proceeding. *See Crain,* 22 S.W.3d at 63. Although Rodriguez stated in her deposition, which was given approximately ten months after the 4590i letter was sent, that she did not intend to sue Dr. Caballero, we cannot conclude from the facts of this case that Dr. Caballero was *never* a prospective defendant. In appellee Julia's affidavit, she stated that after the 4590i letter was sent, and after further research, the appellees decided not to pursue a claim against Dr. Caballero. The *Finlan* court recently reaffirmed the importance of an attorney's freedom to zealously represent their client:

> Public policy demands that attorneys be granted the utmost freedom in their efforts to represent their clients. To grant immunity short of absolute privilege to communications relating to pending or proposed litigation, and thus subject an attorney to liability for defamation, might tend to lessen an attorney's efforts on behalf of his clients.

*Finlan,* 27 S.W.3d at 238. There is no evidence that before the letter was sent to Dr. Caballero, Rodriguez informed appellees that she did not want to pursue a claim against Dr. Caballero.

 Resolving all doubt in favor of the communication's relevancy to a pending and contemplated proceeding, *Thomas,* 940 S.W.2d at 343, we find the trial court did not err in concluding, as a matter of law, the statements were made in contemplation of a proposed judicial proceeding. *See Watson,* 51 S.W.3d at 827; *Crain,* 22 S.W.3d at 63. Thus, appellees' statements in the letter sent to Dr. Caballero are

absolutely privileged. Appellant's second point of error is overruled.[4]

## II. APPELLANT'S PARTIAL SUMMARY JUDGMENT

 In her third issue, appellant seeks review of her partial summary judgment motion. When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000). However, before we may reverse summary judgment for one party and render judgment for the other party, both parties must have sought final judgment relief in their cross motions for summary judgment. *CU Lloyd's of Tex. v. Feldman,* 977 S.W.2d 568, 569 (Tex. 1998). Because appellant has not filed a final summary judgment motion, we cannot render judgment. *See id.; Montgomery v. Blue Cross & Blue Shield of Tex., Inc.,* 923 S.W.2d 147, 152 (Tex.App.-Austin 1996, writ denied). Appellant's third issue is overruled.

We conclude the trial court did not err in granting appellees' summary judgment. Accordingly, we affirm the judgment of the trial court.

4. When the trial court grants a summary judgment without specifying the reasons, as in this case, we will affirm if any of the theories asserted by appellees in their motion for summary judgment have merit. *See State* *Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). Thus, we need not address the remaining contentions in appellant's second issue.