NUMBER 13-01-647-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


SADIE FRIEDRICHS, ET AL. , Appellants,



v.




COASTAL REFINING AND MARKETING, INC. , Appellee.

___________________________________________________________________
On appeal from the 92nd District Court

of Hidalgo County, Texas.

__________________________________________________________________



MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)

Opinion by Justice Rodriguez



 Appellants bring this appeal following the trial court's order granting appellee's summary judgment and
dismissing appellants' cause with prejudice. By two issues, appellants contend the trial court erred in: (1)
granting the summary judgment because there are genuine issues of material fact concerning duty and
proximate causation; and (2) admitting appellee's summary judgment evidence because it is defective and
insufficient as a matter of law. We affirm.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See
Tex. R. App. P. 47.4.

II. Summary Judgment Evidence

 By their second issue, appellants contend the trial court erred in admitting appellee's summary judgment
evidence because it is defective and insufficient.

A. Standard

 We review a trial court's decision to admit or exclude summary judgment evidence under an abuse of
discretion standard. Krishnan v. Law Offices of Preston Henrichson, P.C., 83 S.W.3d 295, 299 (Tex. 
App.-Corpus Christi 2002, pet. denied);Larson v. Family Violence & Sexual Assault Prevention Ctr. of S.
Tex., 64 S.W.3d 506, 511 (Tex. App.-Corpus Christi 2001, pet. denied).

B. Affidavits

 Appellants first argue that the affidavits of Stephen Boyd and William Wright, attached to appellee's summary
judgment, are improper because they state legal conclusions.

 To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, set
forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to
matters stated therein. Tex. R. Civ. P. 166a(f); Krishnan, 83 S.W.3d at 299; Larson, 64 S.W.3d at 511. An
affidavit by an interested party must be clear, positive and direct, credible and free from contradictions and
inconsistencies, and capable of being readily controverted. Tex. R. Civ. P. 166a(c); Krishnan, 83 S.W.3d at
299. An affidavit supporting or opposing a motion for summary judgment must set forth facts, not legal
conclusions. Krishnan, 83 S.W.3d at 299; Larson, 64 S.W.3d at 514 n.6.

 An objection that an affidavit states a legal conclusion is an objection based on a defect in the substance of the
affidavit. Montemayor v. Chapa, 61 S.W.3d 758, 763-64 (Tex. App.-Corpus Christi 2001, no pet.). As such,
the objection may be raised on appeal even if it was never ruled on, or even raised, at the trial court level. Id.
at 764;Green v. Indus. Specialty Contractors, Inc., 1 S.W.3d 126, 130 (Tex. App.-Houston [1st Dist.] 1999,
no pet.); see Scripps Tex. Newspapers, L.P. v. Belalcazar, No. 13-02-414-CV, 2003 Tex. App. LEXIS 1728,
*6-*7 (Corpus Christi Feb. 27, 2003, pet. filed). Thus, even though appellants failed to object to the affidavits
during trial, they may raise the objections for the first time on appeal.

 First, appellants contend that Boyd's affidavit makes conclusions of ownership and the investiture of property
rights without providing any factual basis for Boyd's capacity to testify to such matters. We agree. In the
affidavit, it is never explained who Boyd is and how he is competent to testify about the ownership and
investiture rights of the parties involved. See Tex. R. Civ. P. 166a(f); Krishnan, 83 S.W.3d at 299; Larson, 64
S.W.3d at 511. Moreover, the statements made by Boyd do not set forth facts, but rather legal conclusions. 
See Krishnan, 83 S.W.3d at 299; Larson, 64 S.W.3d at 514 n.6. For these reasons, we find the affidavit is not
competent summary judgment evidence.

 Second, appellants contend that Wright's affidavit contains legal conclusions and relies on hearsay
information. They also contend that Wright is a party to the litigation and his affidavit fails to meet the
standards for an affidavit by an interested party.

 A party must obtain a ruling on an objection as to defects in the form of an affidavit or attachment, or it is not
preserved for our review. See Tex. R. Civ. P. 166a(f);Wren v. G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 498
(Tex. App.-Fort Worth 2002, no pet.); Ahumada v. Dow Chem. Co., 992 S.W.2d 555, 562 (Tex.
App.-Houston [14th Dist.] 1999, pet. denied); see also Belalcazar, 2003 Tex. App. LEXIS 1728, at *7. Case
law holds that objections to affidavits of interested witnesses and objections to hearsay relate to the form of
the affidavit. See Ahumada, 992 S.W.2d at 562 (holding affidavit of interested witness presents a defect of
form); Harris v. Spires Council of Co-Owners, 981 S.W.2d 892, 897 (Tex. App.-Houston [1st Dist.] 1998, no
pet.) (holding hearsay in affidavit is defect of form). Thus, because appellants failed to object and obtain
rulings on their objections, these contentions are not preserved for our review. See Wren, 73 S.W.3d at 498. 
We will only address appellants' contention that Wright's affidavit contains improper legal conclusions. See
Montemayor, 61 S.W.3d at 763-64.

 Reviewing Wright's affidavit, we do not find any legal conclusions; only factual assertions. We conclude this
argument has no merit. Wright's affidavit is competent summary judgment evidence.

C. Deposition

 Appellants next argue that Wright's deposition testimony is insufficient as evidence for appellee's summary
judgment. Relying on Collora v. Navarro, 574 S.W.2d 65 (Tex. 1978), appellants contend that as an
interested witness, Wright's deposition testimony must be clear, direct, positive, and internally devoid of
inconsistencies. Id. at 69. 

 However, we need not address this contention because error, if any, has been waived. As we have already
held, a party must obtain a ruling on an objection as to defects in the form of an affidavit or attachment, or it is
not preserved for our review. See, e.g., Tex. R. Civ. P. 166a(f); Wren, 73 S.W.3d at 498. Objections to
statements of an interested witness that are not clear, positive, direct, or free from contradictions go to the
form of the summary judgment proof. Crow v. Rocket Special Util. Dist., 17 S.W.3d 320, 324 (Tex.
App.-Waco 2000, pet. denied); see Ahumada, 992 S.W.2d at 562. Thus, because appellants failed to object to
Wright's deposition and obtain a ruling on the objection, their contention is waived. See Wren, 73 S.W.3d at
498. Appellants' second issue is sustained as to their contention against Boyd's affidavit and overruled as to
their remaining contentions.

III. Summary Judgment

 By their first issue, appellants contend the trial court erred in granting appellee's summary judgment motion
because there are genuine issues of material fact. 

A. Standard

 The granting of a summary judgment is proper if the summary judgment proof establishes as a matter of law
that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's
causes of action, or whether the defendant has established all elements of an affirmative defense. Krishnan, 83
S.W.3d at 301; see Tex. R. Civ. P. 166a(c). We review the trial court's granting or denying of a traditional
motion for summary judgment de novo. Belalcazar, 2003 Tex. App. LEXIS 1728, at *9. In determining
whether a genuine issue of material fact exists, we view as true all evidence favorable to the non-movant and
all reasonable inferences must be indulged in the non-movant's favor. Krishnan, 83 S.W.3d at 301; Vargas v.
K.K.B., Inc., 52 S.W.3d 250, 254 (Tex. App.-Corpus Christi 2001, pet. denied).

B. Proximate Cause

 Appellants asserted five causes of action against appellee in this case. These causes of action are all
variations on the claim that appellee was negligent. These assertions include: (1) negligence in selling
petroleum to distributors and customers; (2) negligent corporate safety policy; (3) common-law negligence;
(4) negligence per se; and (5) gross negligence. In its motion for summary judgment, appellee contends there
is no genuine issue of material fact as to the required element of proximate cause. We agree.

 Negligence consists of three essential elements: (1) a legal duty owed; (2) a breach of that duty; (3) and
damages proximately caused from the breach. Mellon Mortgage Co. v. Holder, 5 S.W.3d 654, 663 (Tex.
1999); Praesel v. Johnston, 967 S.W.2d 391, 394 (Tex. 1998); Koepke v. Martinez, 84 S.W.3d 393, 396
(Tex. App.-Corpus Christi 2002, pet. denied). Assuming without deciding that appellee owed a duty to
appellants that was breached when appellee allowed Arturo Mata to enter and leave its facility with petroleum,
we focus on whether appellee's actions proximately caused the damages appellants allege. See Southwest Key
Program, Inc. v. Gil-Perez, 81 S.W.3d 269, 274 (Tex. 2002); Doe v. Boys Clubs of Greater Dallas, Inc., 907
S.W.2d 472, 477 (Tex. 1995).

 Proximate cause incorporates two elements: cause in fact and foreseeability. Southwest Key Program, Inc., 81
S.W.3d at 274; Boys Club of Greater Dallas, Inc., 907 S.W.2d at 477. These elements cannot be established
by mere conjecture, guess, or speculation. Boys Club of Greater Dallas, Inc., 907 S.W.2d at 477.

 The test for cause in fact, or "but for" causation, is whether the negligent act was a substantial factor in
bringing about the injury, without which the harm would not have occurred. See Southwest Key Program,
Inc., 81 S.W.3d at 274; Boys Club of Greater Dallas, Inc., 907 S.W.2d at 477; Marathon Corp. v. Pitzner, 55
S.W.3d 114, 134 (Tex. App.-Corpus Christi 2001, no pet.). Cause in fact is not shown if the defendant's
negligence merely provided a condition that made the injury possible. Boys Club of Greater Dallas, Inc., 907
S.W2d at 477; Wal-Mart Stores, Inc. v. Sholl, 990 S.W.2d 412, 417 (Tex. App.-Corpus Christi 1999, pet.
denied). "The evidence must go further, and show that such negligence was the proximate, and not the
remote, cause of resulting injuries . . . [and] justify the conclusion that such injury was the natural and
probable result thereof." Boys Club of Greater Dallas, Inc., 907 S.W.2d at 477; Sholl, 990 S.W.2d at 417. 
Even if the injury would not have occurred "but for" the defendant's conduct, the connection between the
defendant and the plaintiff's injuries may be too attenuated to constitute legal cause. Boys Club of Greater
Dallas, Inc., 907 S.W.2d at 477; Sholl, 990 S.W.2d at 417.

 In this instance, viewing the evidence in the light most favorable to appellants, the summary judgment
evidence shows that Mata, the driver of the vehicle which collided with the victim, Richard Friedrichs, was not
an employee of appellee. It further shows that the vehicle Mata was driving at the time of the incident was not
owned by appellee and that appellee had no control over the hours Mata worked. Thus, the fact that Mata
was tired while he was driving was not caused by appellee. Further, even if appellee had refused to allow
Mata to enter its facility, Mata would still have been tired and would still have been driving a vehicle. 
Moreover, the fact that appellee allowed Mata to fill the vehicle with petroleum from its facilities did not cause
the injuries sustained by Friedrichs; the evidence shows that Friedrichs was trapped inside his vehicle for
several hours and suffered bodily injuries from the collision. It is "mere conjecture, guess, or speculation" to
suggest that Mata would have been on a different roadway, or would have reached the intersection a few
minutes before Friedrichs, had appellee refused to allow Mata inside its facilities. Boys Club of Greater
Dallas, Inc., 907 S.W.2d at 477. Appellee's actions, at most, "merely provided a condition that made the
injury possible," Sholl, 990 S.W.2d at 417, and was not the cause in fact of the death of the victim. Thus,
appellee's actions were not the proximate cause of Friedrichs's death. See Southwest Key Program, Inc., 81
S.W.3d at 274; Boys Club of Greater Dallas, Inc., 907 S.W.2d at 477. We find, as a matter of law, that there
are no genuine issues of material fact as to the required element of proximate cause in appellants' negligence
causes. Krishnan, 83 S.W.3d at 301; see Tex. R. Civ. P. 166a(c). Appellants' first issue is overruled.

 Accordingly, we affirm the judgment of the trial court. 

 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 8th day of May, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).