NUMBER 13-05-781-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HECTOR LEAL, LYDIA LEAL, AND

HECTOR LEAL, JR., Appellants,


v.


GERARDO LINAN, Appellee.

 


On appeal from the County Court at Law No. 1 


of Cameron County, Texas

 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza
 

Appellants, Hector Leal, Lydia Leal, and Hector Leal, Jr., sued appellee, Gerardo
Linan, asserting causes of action for negligence, fraud, and violation of the Texas
Deceptive Trade Practices Act ("DTPA"). Appellee filed a no-evidence motion for summary
judgment raising challenges to the elements of each cause of action asserted by
appellants. See Tex. R. Civ. P. 166a(i). Without specifying the grounds for its ruling, the
trial court granted appellee's motion and subsequently entered a take-nothing judgment
against appellants on all claims. By three issues, appellants contend the trial court erred
in granting summary judgment on the issues of negligence, fraud, and DTPA. We affirm. 
 Appellee is a Texas attorney whose services were retained to represent Hector Leal,
Jr., in a divorce proceeding in Minnesota. Hector Leal, Jr.'s parents, Hector and Lydia,
made two payments to appellee for his services, one for $6,700.00 and the other for
$2,500.00. Appellee contends the $6,700.00 was a payment for the $5,000.00 flat fee
charged to represent Hector Jr., and for travel expenses to and from Grand Rapids,
Minnesota, including lodging and meal expenses. 

Appellants contend appellee was hired to have Hector Jr.'s divorce proceeding
transferred to Texas. Appellants claim to have also entrusted appellee with the duty of
getting Hector Jr. out of jail. (1) Appellants contend they were required to hire Minnesota
attorney, Jim Perunovich, because appellee "was not competent to represent Hector Leal,
Jr." 

Appellee asserts that he was hired to represent Hector Jr. in the divorce proceeding;
however, in the interim of having filed a Motion Pro Hac Vice in Minnesota, Hector Jr. was
charged criminally for violating an existing protective order regarding his wife. Appellee
claims he referred Hector Jr. to Mr. Perunovich to aid him with the criminal contempt
proceeding. Appellee states that Hector Jr. retained Perunovich's services and paid him
a $1,000.00 fee. Appellee alleges that, in addition to assisting Hector Jr. with the criminal
proceeding, Mr. Perunovich agreed to accompany him, gratuitously, to a family law hearing
relating to Hector Jr.'s divorce proceeding. Appellee contends he was successful in the
hearing and was able to negotiate an ongoing visitation schedule for Hector Jr. 

After returning to Texas, appellants Hector and Lydia, contacted appellee and
demanded that he return their money because he "had not accomplished what he had
promised, i.e. to have the case transferred to Texas." Appellants contend they were not
pleased with appellee's level of competency during his representation of Hector Jr. After
their attempts to obtain a reimbursement from appellee proved unsuccessful, appellants
contacted attorney Jim Solis. Solis attempted to aid appellants in obtaining
reimbursement; however, he too was unsuccessful. Subsequently, appellants filed suit
against appellee alleging causes of action for negligence, fraud, and violation of the DTPA. 
 On appeal, appellants contend the trial court erred in granting summary judgment
as to all causes of action asserted. Appellants' response to appellee's motion for summary
judgment included appellant Lydia Leal's affidavit, accompanied by copies of two checks
payable to appellee for the total amount of $9,200, and two letters, written by Jim Solis and
addressed to appellee, regarding appellants' attempt to collect the $9,200 retainer. 
Appellee objected to appellants' summary judgment evidence. Specifically, appellee
objected to Lydia Leal's affidavit, stating that the affidavit was not based on personal
knowledge, consisted of unsubstantiated factual conclusions, included conclusory
testimony, and that Lydia Leal lacked competence to testify and her testimony was
unreliable. (2) 

On appeal, in support of their argument that summary judgment was improper as
to all three grounds, appellants rely entirely on Lydia Leal's affidavit. However, appellants
have failed to include a clear and concise argument for the contentions made; specifically,
they have failed to discuss the elements required to prove causes of action for negligence,
fraud, and violations of the DTPA and have failed to discuss how alleged facts and
evidence presented, disturbing as they may seem, establish each required element for
each cause of action asserted. See Tex. R. App. P. 38.1(h); see also City of Keller v.
Wilson, 168 S.W.3d 802, 810 (Tex. 2005) (approving no-evidence ground based on
"complete absence of evidence of a vital fact"). Moreover, appellants have failed to include
citations to authority in support of their argument. Tex. R. App. P. 38.1(h). 

In addition, we note that Lydia Leal's affidavit consists of nothing more than self-serving conclusory statements. (3) Affidavits consisting only of conclusions are insufficient
to raise an issue of fact. Purcell v. Bellinger, 940 S.W.2d 599, 602 (Tex. 1997) (finding that
conclusory statements that are unsupported by facts are not proper summary judgment
proof); Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). Further, an affidavit must
set forth facts, not legal conclusions. See Krishnan v. Law Offices of Preston Henrichson,
P.C., 83 S.W.3d 295, 299 (Tex. App.-Corpus Christi 2002, pet. denied). Moreover, to
serve as competent summary judgment proof, an affidavit must be clear, positive, direct,
credible, free from contradiction, and susceptible of being readily controverted. See Tex.
R. Civ. P. 166a(c); Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex. App.-Texarkana
2000, no pet.). An affidavit that makes "self-serving, conclusory statements without any
underlying factual detail" fails that requirement. Haynes, 35 S.W.3d at 178. In the present
case, appellants failed to meet their burden of bringing forth evidence sufficient to raise an
issue of material fact on the alleged causes of action because Lydia Leal's affidavit is
impermissibly conclusory and is thus improper summary judgment proof. 

We have no basis for overturning the trial court's determination that summary
judgment was proper based on the foregoing no-evidence grounds. Accordingly,
appellants' three issues are overruled. 

The judgment of the trial court is affirmed. 

 _________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 5th day of October, 2006. 
1. Hector Jr. was jailed after being charged with contempt.
2. The record is silent as to whether the trial court granted appellee's objections to the summary
judgment evidence. 
3. Our review of the affidavit reveals the following relevant conclusory statements: (1) "His [appellee]
affidavit is wrong . . . ."; (2) "There was no loan."; (3) "We thought he was our lawyer and would go do the
work to get our son out of trouble."; (4) "After the divorce we asked Mr. LINAN to return some of the fee as
we did not believe that he had done anything to earn it."' (5) "Mr. LINAN did not do anything in the courtroom
that was of any significance."; (6) "Mr. LINAN took advantage of me and my husband because of our fears
for our son."; (7) "Mr. Linan has injured me, my husband and my son by pretending that he knew what to do
in Minnesota but he did not."; and (8) "This cost us over $9,000."