# United States Court of Appeals
# for the Fifth Circuit

--------

No. 24-20011
Summary Calendar

--------

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2024

Lyle W. Cayce
Clerk

CURTIS WIGGINS,

*Plaintiff—Appellant*,

*versus*

POYNER SPRUILL L.L.P.,

*Defendant—Appellee*.

--------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4048

--------

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Curtis Wiggins, appearing *pro se* and *in forma pauperis*, sued Defendant-Appellee Poyner Spruill L.L.P., a North Carolina law firm serving as counsel to his former employer, Golden Corral Corporation. Wiggins alleged claims of defamation and fraud arising from Poyner Spruill's actions in prior proceedings before a district court and the

--------

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20011

U.S. Equal Employment Opportunity Commission ("EEOC"). The district court in these proceedings granted summary judgment in favor of Poyner Spruill. On appeal, we must decide whether an employer's court conduct or position statement to the EEOC exposes its counsel to liability under Texas state law. The district court answered negatively under Texas's "judicial-proceeding privilege." We agree and AFFIRM.

**I.**

Wiggins worked at a Golden Corral restaurant in Houston, Texas. After his employment was terminated, Wiggins filed a charge of discrimination with the EEOC. On November 18, 2016, Golden Corral, through a Poyner Spruill partner, responded to the charge with a five-page position statement setting forth its rationale for the termination. The EEOC dismissed Wiggins's charge on October 24, 2017, and notified Wiggins he had 90 days to pursue his discrimination claim in court.

And pursue he did. Wiggins first filed suit against Golden Corral in Texas state court, asserting a claim for defamation. Golden Corral, through Poyner Spruill and local counsel Germer, P.L.L.C., removed the case to federal district court, where Wiggins amended his complaint to add a discrimination claim under Title VII. Poyner Spruill won summary judgment on both of Wiggins's claims. This court affirmed—first, because Wiggins could not prove "publication" of a defamatory statement and, second, because Wiggins could not establish that Golden Corral's "legitimate, non-discriminatory reason" for the termination was pretextual.[1] The Supreme Court denied Wiggins's petition for *certiorari* on October 5, 2020.[2]

---

[1] *Wiggins v. Golden Corral Corp.*, 802 F. App'x 812 (5th Cir. 2020) (*per curiam*).

[2] *Wiggins v. Golden Corral Corp.*, 141 S. Ct. 380 (2020).

No. 24-20011

On October 16, 2020, Wiggins filed a second suit in Texas state court, this time against Poyner Spruill. In this second suit, Wiggins charged Poyner Spruill with "Defamation per se and Slander per se," alleging the position statement to the EEOC and Poyner Spruill's provision of it to local counsel constituted false, defamatory publications. Poyner Spruill removed the case to federal court on diversity grounds, after which Wiggins amended to add a fraud claim. According to Wiggins, David Woodard, the Poyner Spruill lawyer who defended Golden Corral before the EEOC and in the first lawsuit, misrepresented his status as a member of the Texas Bar. Wiggins, in turn, allegedly relied on that representation in deciding how to proceed against Golden Corral in the first instance. Though not entirely clear, Wiggins also seemed to contend Woodard improperly influenced the EEOC and the court in the original action to rule against Wiggins.

Poyner Spruill answered and asserted affirmative defenses, including one that reads, "Any statements Plaintiff alleges were defamatory are protected by absolute privilege/immunity and/or common-law qualified privilege/immunity."

Both sides filed summary-judgment motions. The district court granted Poyner Spruill's under the judicial-proceeding privilege and denied Wiggins's. Citing two opinions from the same federal district, the court held that "EEOC proceedings qualify as quasi-judicial for purposes of the absolute privilege doctrine." As Wiggins's suit relied solely on Poyner Spruill statements to the EEOC, to its co-counsel, and to the court in the first lawsuit against Golden Corral, the court reasoned that none of Wiggins's claims could proceed, as the privilege controls no matter "the label placed on the claim." Wiggins timely appealed.

No. 24-20011

## II.

We review the grant or denial of a motion for summary judgment *de novo*, applying the same standard as the district court.[3] Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]

## A.

Wiggins raises seven issues on appeal. We address just one, which is dispositive: whether the judicial-proceedings privilege under Texas law absolutely immunizes Poyner Spruill from Wiggins's defamation and fraud claims.[5] Like the district court, we agree the judicial-proceedings privilege immunizes Poyner Spruill from each of Wiggins's claims, though we arrive at that place by traveling a slightly different route. Rather than conclude EEOC proceedings are "quasi-judicial" in nature, we hold that Poyner Spruill's correspondence to the EEOC was "preliminary to" Wiggins's first suit against Golden Corral, consistent with the Texas Supreme Court's pronouncements about steps "preliminary to" judicial proceedings.

---

[3] *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 215 (5th Cir. 2024).

[4] Fed. R. Civ. P. 56(a).

[5] Wiggins's other issues are: the district court "adopted" Poyner Spruill's pleadings; failed to consider Wiggins's own summary-judgment motion; "manifested bias"; violated due process by entering judgment before a status conference; abused its discretion during "Status Conference Hearings"; and failed to find facts contrary to Poyner Spruill's affirmative defenses. We carefully considered each of these issues given the latitude allowed *pro se* litigants such as Wiggins and hold none has merit. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

No. 24-20011

## B.

The district court decided the case under Texas law and neither party urged otherwise. We agree Texas law controls: Where, as here, a federal court exercises diversity jurisdiction over state-law claims, we must apply state substantive law as expressed by the legislature and final decisions of the state's highest court.[6]

## C.

The Texas Supreme Court recently considered the scope of Texas's judicial-proceeding privilege in *Landry's, Inc. v. Animal Legal Defense Fund*, where one side allegedly defamed another by submitting to Plaintiffs and a federal agency a mandatory pre-lawsuit notice letter requisite to filing suit.[7]

Its opinion explains that Texas's judicial-proceedings privilege exists to protect the "open and vigorous litigation of matters inside the courtroom."[8] To that end, communications made "in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made."[9]

---

[6] *See Rogers v. Corrosion Prods., Inc.,* 42 F.3d 292, 295 (5th Cir. 1995); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Neither party raised the law of Poyner Spruill's domicile (North Carolina) as possibly controlling. Even assuming a conflict between the two, Texas's choice-of-law rules look for the "most significant relationship," which strongly favors Texas law here: (i) Wiggins's injury, if any, occurred in Texas; (ii) the allegedly-defamatory letter was published in Houston; (iii) Wiggins is a Texas domiciliary; and (iv) the parties' "relationship" revolves around Wiggins's termination from a Texas restaurant and subsequent suit in Texas state and federal courts. *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010); *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 n.1 (Tex. 2000).

[7] 631 S.W.3d 40 (Tex. 2021).

[8] *Id*. at 49.

[9] *Id*. at 46 (internal quotation omitted).

The privilege is "absolute" and prohibits "any tort litigation based on the content of the communication."[10]

The privilege extends to statements made "preliminary to" judicial proceedings and to statements made during "quasi-judicial" proceedings.[11] Regarding "preliminary-to" communications, the "statement *itself* must bear some relation to a proceeding" and not merely address the same "*subject matter*."[12] As with other legal privileges, a party may lose the judicial-proceedings privilege by repeating the statement outside the ambit of the privilege's protection.[13]

The court agreed the mandatory pre-lawsuit notice letter and its transmission to Plaintiffs and a federal agency were absolutely privileged as "preliminary to" a lawsuit under the applicable federal law's 60-day notice requirement: both were "necessary to set the judicial machinery in motion."[14] But it held that protection did not extend to Defendants' subsequent republication to the press and online.[15]

_____

[10] *Id*. (internal quotation omitted); *see also Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997).

[11] *Id*. at 46-47.

[12] *Id*. at 49 (internal quotation omitted, emphases in original).

[13] *Id*.

[14] *Id*. at 50 (internal quotation omitted).

[15] *Id*. at 50-51. The opinion states that delivery of the notice letter as the federal statute required was not "at issue" in the case. In our view, that does not render its analysis *obiter dictum*. Rather, the court first had to assess whether Defendants *ever* held the privilege before then concluding they lost it through unprotected publication online and to the press.

No. 24-20011

The court cited as support *Krishnan v. Law Offices of Preston Henrichson, P.C.*[16] There, a patient's lawyer sent a statutorily-mandated pre-suit notice to a physician without further dissemination. The patient later chose not to sue the physician, so the physician sued the patient for defamation. The court held the letter was absolutely privileged as preliminary to a malpractice suit and dismissed the claims as a matter of law.[17]

**D.**

**1.**

With *Landry's* guidance, we turn to the facts here. Wiggins states more than once that his defamation and fraud claims rest, in part, on statements Poyner Spruill made to the district court or to co-counsel in the original Golden Corral litigation.[18] Statements to a court or to co-counsel during litigation are absolutely protected under Texas law. And contrary to Wiggins's argument otherwise, Poyner Spruill did not need to be admitted *pro hac vice* to practice before a Texas court to enjoy this protection. The district court correctly dismissed those claims as communications made in the due course of judicial proceedings.

**2.**

Wiggins argues that statements to the EEOC do not qualify as quasi-judicial proceedings. We need not consider that argument because the

_____

[16] 83 S.W.3d 295 (Tex. App.—Corpus Christi-Edinburg 2002, *pet. denied*).

[17] *Id*. at 302.

[18] For example: "Whether 'The Lie' submitted by Woodard to the district court, March 15, 2019, is absolutely privileged or Fraud Upon The Court?" "[A]s it pertains to 'The Lie' submitted by Woodard to the district court, March 15, 2019[.]" "*The Lie* is in relation to fraud upon the court … published by Woodard to the district court …." "Moreover, The Lie, submitted to the district court was also the single act by Woodard[.]"

statements were made in a proceeding "preliminary to" a court proceeding. That is sufficient under *Landry's*. Much like the federal law at issue in *Landry's*, a party may not litigate a Title VII discrimination claim without first filing a charge with the EEOC, which the EEOC is bound to investigate.[19] Part and parcel of that investigation is hearing from the other side, whether through counsel or not.[20]

We conclude that Poyner Spruill's letter responding to Wiggins's charge of discrimination was a communication preliminary to a judicial proceeding (that is, Wiggins's first suit against Golden Corral) and absolutely privileged under Texas law.[21]

AFFIRMED.

---

[19] 42 U.S.C. §§ 2000e-5(b); 2000e-5(f).

[20] While "abuse of the absolute privilege is possible," it is "limited because the speaker will generally still be subject to the risk of criminal prosecution for perjury or obstruction of justice," *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 655 (Tex. 2015), as well as subject to the judicial mechanisms of sanctions, contempt, and attorney disciplinary proceedings, *cf. Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 482 (Tex. 2015). Likewise, a material misrepresentation in the EEOC context could give rise to criminal liability under 18 U.S.C. § 1001 depending on the circumstances.

[21] This result conforms to prior decisions by federal district courts. *See Dick v. J.B. Hunt Transp., Inc.*, 772 F. Supp. 2d 806, 823 (N.D. Tex. 2011); *Davis v. ComputerShare Loan Servs.*, No. 4:23-CV-1542, 2023 WL 9005670, at *4 (S.D. Tex. Nov. 8, 2023), *report and recommendation adopted*, 2023 WL 9007275 (S.D. Tex. Dec. 27, 2023); *Condon v. Hunting Energy Servs., L.P.*, No. CV H-04-3411, 2006 WL 8445214, at *5 (S.D. Tex. Jan. 27, 2006), *report and recommendation adopted*, 2006 WL 8445209 (S.D. Tex. Mar. 28, 2006).