## ANN MARY LANE v. R. W. THOMAS.

1. An action cannot be sustained by one partner against another, for an account and recovery of profits made in Confederate money transactions; nor can such an action be sustained in respect of profits which may have been realized on dealings of a lawful character, when such dealings were so blended with Confederate money dealings that it is impossible to so separate the one class from the other that effect can be given to the legal transactions alone.

2. The rulings in Whitis v. Polk, 36 Texas, respecting contraband traffic in cotton during the late civil war, referred to with approval.

ERROR from De Witt. Tried below before the Hon. Henry Maney.

The appellee was the son and representative of a partner in a firm styled Lane & Cage, which was engaged in traffic during the Confederate war. Samuel W. Lane was a member of the firm, and, he having died in the fall of 1865, the appellant, his widow, became his representative as surviving conjugal partner. The appellee sued the appellant for sundry sums of

money alleged to be profits of dealings of the firm between the spring of 1862 and the same season in 1864. By both the pleadings and the evidence it appeared that the largest of these dealings were Confederate money transactions, and that any profits realized were in that currency, and the evidence did not establish any definite amount of profits resulting from transactions of other character. In the pleadings of the parties, however, there were allegations imputing value to Confederate money; and the court below, after instructing the jury that Confederate money had no value, further charged them that the parties, by their admissions in their pleadings, had imparted a value to such money, and that the courts would enforce it against each party according to his or her admission. Under this instruction a recovery for over thirty-five hundred dollars was had against the defendant, and she brings up the judgment by writ of error.

*Glass & Callender*, *H. C. Pleasants*, and *A. M. Jackson*, for the plaintiff in error.

*J. W. Stayton*, for the defendant in error.

WALKER, J. We think the principles presented for our decision in this case have been adjudicated in the numerous Confederate money cases, and in the late case of Whitis *v*. Polk, not reported. Most, if not all of the transactions of the firm of Lane & Cage were conducted in Confederate money, and related to a contraband trade in cotton. There were doubtless some legal transactions, but the good and bad are so blended that it is utterly impossible, even if the law authorized it, to separate the good from the bad, and give it force and efficacy.

We have in one or two cases allowed a party to recover his interest in property acquired by trading in Confederate money. This was where the Confederate money had been entirely converted into property recognized by law as such, and all

transactions in Confederate money were fully executed and concluded between the parties themselves, and the courts were simply called upon to make an equitable division of property or money recognized by the law. But the case at bar is an action to recover a personal judgment, to be paid, of course, in lawful money, for the capital and profits of a trade conducted in defiance of and against the government and laws of the United States. Adhering to our former decision, we reverse the judgment of the District Court, and dismiss the case.

Reversed and dismissed.