The undisputed facts indicate that the defendant possessed a permit to operate a jitney bus, granted by the governing body of the city of Paterson, known as permit No. 141. The permit authorized the operation of the jitney bus by the defendant between the city of Paterson and the borough of Prospect Park and Haledon. Complainant claims that by virtue of articles of agreement entered into on December 30th, 1922, between complainant and defendant, a copy of which is annexed to the bill, a partnership existed between the parties for the operation of the jitney bus business referred to, under the permit No. 141 held by the defendant. The property of the partnership is alleged to have consisted simply of this permit No. 141 and the jitney bus to which it applied. Defendant denied the right of the complainant to participate in the profits resulting from the operation of the bus, contending that the alleged partnership agreement never *Page 8 
became operative or binding between them, and that the bus and the permit were both the property of the defendant individually, and that the business was operated by him in that same capacity. There is no evidence to show that the complainant made any specific contribution to the alleged partnership fund. The evidence further shows that no application was made to the governing body of the city of Paterson to have the permit No. 141 transferred to the partnership. If, therefore, any rights can be claimed under a partnership arrangement between the parties, it would present the situation of an application to this court to take an accounting between two partners with regard to partnership funds resulting from an illegal transaction The evidence shows, convincingly, that all the parties engaged in the formation of this arrangement regarded the situation pertaining to the use of the permit as one which must be kept secret, and concerning which no mention of the real situation should be included in the written documents pertaining to it.
It seems to me that the statute and the ordinance relating to the operation of these jitney buses contemplate that the governing body of the municipality shall exercise a supervisory control over their activities, and that the permits which are issued are personal to the one to whom the grant is given, and apply specifically to the bus to be operated under it. If the grantee of the permit could transfer it at will, or use it in conjunction with other persons by partnership or corporate arrangements among themselves, the whole purpose and object of the statute and the ordinance would be circumvented. This seems to have been the very thing which the parties sought to accomplish by their present arrangement.
I am therefore of the opinion that the complainant has no status to appeal to this court for an accounting between himself and his alleged partner in such an arrangement. Equity, under such circumstances, will leave the parties where it finds them.Allfather v. Schlicher, 86 N.J. Eq. 1; E. A. Somers v.Johnson, 70 N.J. Law 695; Church v. Muir, 33 N.J. Law 318;Paterson v. Sadler, 71 N.J. Eq. 315.
 I will therefore advise a decree that the bill be dismissed. *Page 9