The bill of complaint is brought for an accounting and prays that the defendant administrator of the estate of Sanford Alboum account for all moneys which he received from the city of Newark for coal delivered by the decedent on relief orders issued by the city of Newark between December 1st, 1937, and March 31st, 1938, and that it be decreed that all funds which came into the administrator's possession be held by him in trust for the benefit of complainant and a lien impressed thereon and the defendant ordered to pay over said fund to complainant in satisfaction of such lien.
Complainant is in the wholesale coal business and defendant's intestate was a retail coal dealer who in December, 1937, was indebted to the complainant and as security for the payment of his indebtedness and the payment of coal thereafter sold to him assigned to complainant "all right, title and interest in and to the account of Sanford Alboum to be created through the delivery of Newark relief coal, during the period of December 1st, 1937, to March 31st, 1938, * * *." The assignment contains the provision "that if any property, money, checks, notes, bonds or other evidence *Page 43 
of payment of the foregoing account comes into the possession of the undersigned (Sanford Alboum), the same will immediately be delivered to the Lehigh Valley Coal Sales Co., their successors or assigns, in the original form in which the same may be received."
At the time of the death of Sanford Alboum on June 24th, 1938, he was indebted to the complainant for coal in the sum of $6,747.25. Complainant seeks to impress a lien upon $2,220.80 which it alleges was delivered to the defendant as administrator of the deceased's estate by check of the city of Newark to the order of Sanford Alboum in payment for coal delivered between December 1st, 1937, and March 31st, 1938, in fulfillment of the aforesaid relief orders issued by the city of Newark.
The relief orders issued by the city of Newark to the defendant's intestate contain this provision: "This order is not negotiable, cannot be transferred, assigned, sold or traded by either client or vendor. * * * Misuse of this order by any person or persons will render them liable to criminal prosecution."
R.S. (1937) 2:134-5 provide:
"Any person furnishing foodstuffs, fuel, clothing or other valuable thing to any unemployed or poor person, pursuant to a written order issued by any of the poor or emergency relief authorities of this state or of the several municipalities thereof, who shall do so in any manner or to any extent other than as specified in such order, or who shall furnish on account of any such order, foodstuffs, fuel, clothing or other valuable thing of a quality unfit for human consumption or use, or any person who shall purchase, sell, or offer for sale any suchorder contrary to the intent and purpose thereof, shall be guilty of a misdemeanor." (Italics mine.)
What the assignment in the instant matter sought to accomplish was expressly forbidden by the relief orders issued by the city of Newark and the statute. In effect I can see no difference between the assignment of the debt due decedent from the city of Newark as a result of the relief orders and a sale and assignment of the orders themselves. The result is the same. And that this result was intended is demonstrated by the provision in the assignment that payment whether by *Page 44 
check, money or otherwise be immediately delivered to complainant in the original form in which the same may be received.
I am of opinion that the assignment was an attempted circumvention of the provisions of the relief orders and of the statute and therefore contrary to public policy. In such situation complainant has no standing in this court to compel an accounting by decedent's administrator. Equity in such circumstances will leave the parties where it finds them.Cerino v. Van Orden, 98 N.J. Eq. 7; 129 Atl. Rep. 704;affirmed, 100 N.J. Eq. 339; 134 Atl. Rep. 916.
The bill of complaint will be dismissed.