Rodolfo ARAIZA, Appellant,

v.

Carlos CHAPA et al., Appellees.

No. 13394.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 17, 1958.

Rehearing Denied Jan. 21, 1959.

Fansler & Fansler, Victor C. Woods, Laredo, Luther E. Jones, Jr., Corpus Christi, for appellant.

Gordon Gibson, Laredo, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by appellant, Rodolfo Araiza, against Carlos Chapa and his wife, Alicia Ramirez Chapa, appellees, seeking, first, an accounting of an alleged partnership customhouse brokerage business; second, a recovery upon an alleged "accounts stated" between the alleged partners, and, third, to impose a trust on property allegedly bought by appellee Carlos Chapa with the partnership funds. The trial court granted a summary judgment that appellant take nothing, and hence this appeal.

Appellant contends that the trial court erred in granting the summary judgment as

there were triable issues of fact as to the partnership accounting phase of the case.

The summary judgment was based upon the theory that appellant and appellee Chapa had entered into a partnership to operate a customhouse brokerage business in a manner which was in violation of law and Federal regulations and that, therefore, appellant's suit, based upon such illegal partnership, must fail.

Appellee Chapa held a license to operate a customhouse brokerage business, but appellant, Araiza, did not have such a license. The Federal statute providing for customhouse brokers is Title 19, § 1641; the pertinent sub-sections thereof being (a) and (d), reading as follows:

"(a) The Secretary of the Treasury may prescribe rules and regulations governing the licensing as customhouse brokers of citizens of the United States of good moral character, and of corporations, associations, and partnerships, and may require as a condition to the granting of any license, the showing of such facts as he may deem advisable as to the qualifications of the applicant to render valuable service to importers and exporters. No such license shall be granted to any corporation, association, or partnership unless licenses as customhouse brokers have been issued to at least two of the officers of such corporation or association, or two of the members of such partnership, and such licenses are in force. Any license granted to any such corporation, association, or partnership shall be deemed revoked if for any continuous period of more than sixty days after the issuance of such license there are not at least two officers of such corporation or association or two members of such partnership who are qualified to transact business as customhouse brokers. Except as provided in subdivision (c) of this section, no person shall transact business as a customhouse broker without a license granted in accordance with the provisions of this subdivision, but nothing in this section shall be construed to authorize the requiring of a license in the case of any person transacting at a customhouse business pertaining to his own importations."

"(d) The Secretary of the Treasury shall prescribe such rules and regulations as he may deem necessary to protect importers and the revenue of the United States, and to carry out the provisions of this section, including rules and regulations requiring the keeping of books, accounts, and records by customhouse brokers and the inspection thereof, and of their papers, documents, and correspondence by, and the furnishing by them of information relating to their business to, any duly accredited agent of the United States."

We have before us the verified pleadings and depositions of appellant, and there can be no doubt that appellant's cause of action is based upon an alleged partnership existing between appellant and appellee Chapa, and that such partnership was formed in violation of both the Federal statutes and the rules and regulations formulated by the Secretary of the Treasury of the United States. Such a partnership is illegal and void and the courts will not enforce such a contract of partnership but will simply leave the parties where it finds them.

The general rule is stated in 10-A Tex. Jur. §§ 100, 101 and 102, reading in part as follows:

"§ 100. In General.—A contract may be deemed illegal where it is made in violation of the constitution, or of a statute or ordinance, or where its performance will result in such violation, or where it is contrary to public policy, or where a part of the agreement is to use the subject matter of the contract, or a part of it, for an unlawful purpose.

\*　　\*　　\*　　\*　　\*　　\*

**744**

"§ 101. Contracts in Violation of Constitution, Statute, or Ordinance. —The validity or force of any law cannot be impaired by a contract, nor control or limit the provisions of a statute. As a general rule, therefore, a contract made in violation of the constitution, or of an express statute, or of an ordinance, or the performance of which will result in such violation, is void and unenforceable, without regard to the question of moral turpitude, and whether the parties knew the law or not. * * *

"§ 102. Statutes Imposing Penalty. —* * * A contract in violation of the statute is void if the purpose of the legislature was to protect the public from fraud in contracts or to promote some object of public policy, * * *."

In support of these rules are cited the following, among other cases: Rogers v. Traders & General Ins. Co., 135 Tex. 149, 139 S.W.2d 784; Texas Employers' Ins. Ass'n v. Tabor, Tex.Com.App., 283 S.W. 779; Montgomery Ward & Co. v. Lusk, Tex.Civ.App., 52 S.W.2d 1110.

The Statute, Title 19, § 1641, U.S.C.A., and the regulations issued thereunder by the Secretary of the Treasury "to protect importers and the revenue of the United States" clearly announce the public policy of the United States, and a contract made in violation thereof is illegal and void. Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675; Wiggins v. Bisso, 92 Tex. 219, 47 S.W. 637; Read v. Smith, 60 Tex. 379; Lane v. Thomas, 37 Tex. 157; Langford v. Pickens, Tex.Civ. App., 288 S.W.2d 568, writ refused n. r. e.

In 68 C.J.S. Partnership § 7, p. 410, the rule is stated thusly:

"Where a partnership is formed * * * for the conduct of a lawful business in an illegal manner, the courts will * * * not lend their aid to assist either of the parties thereto in an action against the other."

We here cite authorities from other States: Nahas v. George, 156 Ohio 52, 99 N.E.2d 898, 32 A.L.R.2d 1338; Cerino v. Van Orden, N.J.Ch., 129 A. 704; Harper v. Crenshaw, 65 App.D.C. 239, 82 F.2d 845, 102 A.L.R. 362; McMullen v. Hoffman, 174 U.S. 639, 19 S.Ct. 839, 43 L.Ed. 1117; Vandergrift v. Vandergrift, 226 Pa. 254, 75 A. 365.

In support of his contention that the partnership agreement should be enforced by the courts, appellant cites: Union Nat. Bank v. Matthews, 98 U.S. 62, 629, 25 L. Ed. 188; Stone v. Brown, 54 Tex. 330, and R. W. Hart & Co. v. Harris, 183 Okl. 588, 83 P.2d 565. These cases are quite different from the case at bar and fail to convince us that the partnership agreement should be upheld, though it was entered into in violation of the law and rules and regulations intended to protect importers and the revenue of the United States, and, therefore, against the public policy of the United States.

■ Appellant contends that, in any event, the trial court erred in granting a summary judgment because he should have been given a trial upon his alternative claim based upon "accounts stated." We do not agree. The partnership agreement being illegal and void, any accounts stated based thereon would likewise be unenforceable. 1 Am.Jur. 276, Accounts & Accounting, §. 20; 1 C.J.S. Account Stated § 17, p. 701; Murphey v. Springs & Co., 5 Cir., 200 F. 372, 45 L.R.A.,N.S., 539; Manufacturers Finance Corp. v. Ft. Worth Paper Co., Tex.Civ.App., 68 S.W.2d 307; 10 Tex.Jur. 6260, § 149; 10–A Tex.Jur. 289, § 146.

■ Appellant next contends that he should have been given a trial upon his claim seeking to establish a trust in his favor upon property bought with partnership funds. Again we do not agree. This claim is based upon his contention that he is entitled to share in the profits of the illegal partnership. This he cannot do.

Appellant next contends that the trial court erred in overruling his motion for a continuance on the hearing for a summary judgment. We overrule this contention. The record does not show that the situation herein would have been changed in any way by granting appellant a continuance.

The judgment is affirmed.