ACCEPTED
01-15-00011-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/17/2015 11:31:40 AM
CHRISTOPHER PRINI
CLERK

NO. 01-15-00011-CV
***

IN THE COURT OF APPEALS
FIRST COURT OF APPEALS DISTRICT
HOUSTON, TEXAS
***

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/17/2015 11:31:40 AM
CHRISTOPHER A. PRINE
Clerk

BOB DEUELL,
Appellant,

v.

TEXAS RIGHT TO LIFE COMMITTEE, INC.,
Appellee

_____

On Appeal from the 152nd Judicial District Court
Of Harris County, Texas
Trial Court Cause No. 2014-32179
Honorable Robert Schaffer, Presiding Judge

_____

**APPELLANT'S BRIEF**

_____

**DENTON NAVARRO ROCHA BERNAL HYDE & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745-5292
(512) 279-6431
(512) 279-6438 (Facsimile)
George E. Hyde
State Bar No. 45006157
Scott M. Tschirhart
State Bar No. 24013655
*ATTORNEYS FOR APPELLANT*

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**    BOB DEUELL

**Appellant's Counsel:**  George E. Hyde
State Bar No. 45006157
Scott M. Tschirhart
State Bar No. 24013655
**Denton Navarro Rocha Bernal Hyde & Zech, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745-5292
(512) 279-6431
(512) 279-6438 (Facsimile)
George E. Hyde
Scott M. Tschirhart
george.hyde@rampage-aus.com
scott.tschirhart@rampage-aus.com

**Appellee:**    TEXAS RIGHT TO LIFE COMMITTEE, INC.

**Appellee Counsel:**  N. Terry Adams, Jr.
State Bar No. 00874010
Joseph M. Nixon
State Bar No. 15244800
**Beirne, Maynard & Parsons, L.L.P.**
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056
(713) 623-0887
(713) 960-1527 (Facsimile
tadams@bmpllp.com
jnixon@bmpllp.com

James E. "Trey" Trainor, III
State Bar No. 24042052
**Beirne, Maynard & Parsons, L.L.P.**
401 W. 15th Street, Suit 845
Austin, Texas 78701
(512) 623-6700
(512) 623-6701 (Facsimile)
ttrainor@bmpllp.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES ................................................................................ v

JURISDICTIONAL STATEMENT ..................................................................... 1

STATEMENT OF THE CASE ............................................................................. 1

ISSUES PRESENTED ........................................................................................ 3

    1.   Whether Appellee's Motion to Dismiss should have been granted because the communications complained of related to Appellee's exercise of his right to free speech. ............................................................................................................... 3

    2.   Whether Appellee's Motion to Dismiss should have been granted because Appellee established by a preponderance of the evidence a valid defense of judicial privilege. .................................................................................................. 3

    3.   Whether Appellee's Motion to Dismiss should have been granted because Appellee established by a preponderance of the evidence a valid defense of illegal contract. ............................................................................................................ 3

STATEMENT OF FACTS .................................................................................... 3

STANDARD OF APPELLATE REVIEW ............................................................ 5

SUMMARY OF THE ARGUMENT .................................................................... 5

ARGUMENTS AND AUTHORITIES ................................................................. 6

    Exercise of Free Speech ................................................................................ 6

    Shift of Burden ............................................................................................. 8

Judicial Immunity .................................................................................13

Illegal Contract.................................................................................18

PRAYER ...............................................................................................20

CERTIFICATE OF COMPLIANCE...............................................................21

CERTIFICATE OF SERVICE .....................................................................22

# TABLE OF AUTHORITIES

**Cases**

*ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426 (Tex. 1997) ........................8, 9

*Araiza v. Chapa,* 319 S.W.2d 742 (Tex. App.—San Antonio
    1958, writ ref'd n.r.e)................................................................................ 10, 18

*Better Business Bureau of Metropolitan Houston, Inc. v. John Moore Serv., Inc.,*
    441 S.W.3d 345 (Tex. App.—Houston [1st Dist] 2013, pet. denied) ....................5

*Bird v. W.C.W.,* 868 S.W.2d 767 (Tex. 1994) ........................................................14

*Crain v. Smith,* 22 S.W.3d 58 (Tex. App.—Corpus Christi 2000, no pet.).............15

*Crain v. Unauthorized Practice of Law Comm.,* 11S.W.3d 328 (Tex. App.—
    Houston [1st Dist.] 1999, pet. denied)............................................................ 14, 16

*Dallas Ind. Sch. Dist. v. Finlan,* 27 S.W.3d 220 (Tex. App.—Dallas 2000,
    pet. denied)...................................................................................................... 16, 17

*Daystar Residential, Inc. v. Collmer,* 176 S.W.3d 24 (Tex. App.—Houston [1st
    Dist] 2004, writ denied)...................................................................................16

*Flynn Bros. V. First Med. Assocs.,* 715 S.W.2d 782 (Tex. App.—Dallas
    1986, writ refd. n.r.e.) ...................................................................................9, 18

*GNG Gas Systems v. Dean,* 921 S.W.2d 421 (Tex. App.—Amarillo 1996
    writ denied) ...................................................................................................... 10, 18

*Griffin v. Rowden,* 702 S.W.2d 692 (Tex. App.—Dallas 1985,
    writ ref'd n.r.e)................................................................................................16

*Krishnan v. Law Offices of Preston Henrichson, P.C.,* 83 S.W.3d 295
    (Tex. App.—Corpus Christi 2002, pet. denied) ................................................15

*Laub v. Pesikoff,* 979 S.W.2d 686 (Tex. App.—Houston [1st Dist.] 1998
  pet. denied) ...................................................................................14

*Lewis v. Davis*, 199 S.W.2d 146 (Tex. 1947) ................................... 10, 18

*Reagan v. Guardian Life Ins. Co.,* 166 S.W.2d 909 (Tex. 1942) ...........................14

*Russell v. Clark*, 620 S.W.2d 865 (Tex. App-Dallas 1981,
  writ ref'd n.r.e.) ............................................................ 14, 15, 16

*Watson v. Kaminski,* 51 S.W.3d 825 (Tex.App--Houston [1st Dist]
  2001, no pet) ...................................................................................15

## Statutes

Chapter 27 of the Texas Civil Practice & Remedies Code ............................ 1, 2, 20

Tex. Civ. Prac. & Rem. Code § 27.001(1) ...................................................................6

Tex Civ. Prac. & Rem. Code § 27.001(3) ...................................................................5. 6

Tex. Civ. Prac. & Rem. Code § 27.005 ...................................................................5

Tex Civ. Prac. & Rem. Code § 27.005(1) ...................................................................5

Tex Civ. Prac. & Rem. Code § 27.005(b)(1) ...................................................................8

Tex. Civ. Prac. & Rem Code § 27.005(c) ........................................ 8, 9, 11, 12, 13

Tex. Civ. Prac. & Rem. Code § 27.005(d) ..................................... 6, 13, 17, 18, 20

Tex. Civ. Prac. & Rem. Code § 27.008(a) ...................................................................1

Tex Civ. Prac. & Rem. Code § 27.009 ................................................. 8, 13, 18, 20

Tex Civ. Prac. & Rem. Code § 27.009(1) ...................................................................20

Tex Civ. Prac. & Rem. Code § 27.009(2)....................................................................20

Tex. Elec. Code § 255.001 ................................................................... 4, 10, 19

Texas Advance Directives Act of 1999 ...............................................................4, 7

Texas Citizens Participation Act.................................................................... passim

Texas Election Code ...................................................................................... passim

## Other Authorities

Senate Bill 303 .......................................................................................... 4, 5, 7

United States Constitution and Section 8, Article 1 of the Bill of Rights .................4

MAY IT PLEASE THE COURT:

NOW COMES APPELLANT, Bob Deuell (hereinafter "Appellant" and/or "Deuell" and files this Appellant's Brief in accordance with the Texas Rules of Appellate Procedure ("TRAP").

## JURISDICTIONAL STATEMENT

This is an interlocutory appeal from the failure of the trial court to timely rule on a motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code, the Texas Citizens Participation Act. Specifically, Section 27.008(a) allows a moving party to appeal if a court does not timely rule on a motion to dismiss.

## STATEMENT OF THE CASE

Appellee, Texas Right to Life Committee, Inc. filed a tortious interference lawsuit against Appellant, Bob Deuell who was a sitting state Senator. The lawsuit arises out of a series of political attack ads that were run by Appellee and the letters written by Appellant's lawyer to the radio stations that were running the ads. These letters complained of false and defamatory content and that the ads were illegal because they did not contain the disclosures required by the Texas Election Code. This is an appeal from a failure of the trial court to timely rule on a motion to dismiss the lawsuit pursuant to the Texas Citizens Partition Act ("the TCPA").

Procedurally, Appellee's lawsuit was filed on June 5, 2014 [C.R. at 4-10] however, Appellant was not served immediately. Appellant filed a timely Original Answer on August 11, 2014. [C.R. at 15-17]. Defendant's Motion to Dismiss was filed on September 5, 2014. [C.R. at 18-72]. Appellant timely set the Motion to Dismiss for hearing on September 26, 2014. [C.R. at 78-79]. Two days prior to the hearing on Appellant's Motion to Dismiss, Appellee filed a First Amended Petition alleging a federal cause of action pursuant to 42 U.S.C. 1983. [C.R. at 86-95]. Appellant filed a Notice of Removal the next day. [C.R. at 105-110]. On October 15, 2014, Appellant filed Motions to Dismiss under Rule 12 and Chapter 27 of the Texas Civil Practice & Remedies Code in federal court [C.R. at 225-281]. Before the Court could rule on Appellant's Motions to Dismiss, Appellee voluntarily dismissed its federal cause of action and asked the federal court to remand the case to the state trial court. [C.R. at 282-293].

On December 23, 2014, the federal court remanded the case back to the trial court. [C.R. at 111-113, 373-375]. At that time, all of the time limits for ruling on Appellant's Motion to Dismiss had expired and Appellant filed a Notice of Appeal to this Honorable Court. [C.R. at 378-383].

The trial court below was deprived of the opportunity to rule within the time periods specified in the TCPA, but if the trial court had the opportunity to rule, it should have dismissed the tortious interference claim for three reasons. First, the

trial court should have dismissed Appellee's lawsuit because the communications complained of were based on, related to and in response to Appellant's exercise of the right of free speech. Second, the trial court should have dismissed Appellee's lawsuit because Appellant established the affirmative defense, by a preponderance of evidence, that the communications complained of were privileged under the judicial privilege. And finally the trial court should have dismissed Appellee's lawsuit because Appellant established the affirmative defense, by a preponderance of evidence, that the communications complained of were privileged because the contract that was allegedly interfered with was for an illegal purpose.

## ISSUES PRESENTED

1. Whether Appellee's Motion to Dismiss should have been granted because the communications complained of related to Appellee's exercise of his right to free speech.

2. Whether Appellee's Motion to Dismiss should have been granted because Appellee established by a preponderance of the evidence a valid defense of judicial privilege.

3. Whether Appellee's Motion to Dismiss should have been granted because Appellee established by a preponderance of the evidence a valid defense of illegal contract.

## STATEMENT OF FACTS

Appellee's lawsuit alleges only one cause of action, that being that Appellant tortuously interfered with Plaintiff's contracts to run certain radio ads with Cumulus Media and Salem Communications. [C.R. at 4-7, 282-289].

3

The ads in question were aired during the leadup to the Texas Republican Primary runoff election held on May 27, 2014. [C.R. at 5-6, 30-32, 284-285] The ads were political ads that Appellant believes misrepresented the purpose and effect of certain legislation sponsored by Appellant as a State Senator for the State of Texas. That bill was Senate Bill 303 which was designed to add more protection to human life than the existing *Texas Advance Directives Act of 1999.* The ads contained what Appellant believes to be false information about Senate Bill 303 and false and defamatory information regarding Appellant. [C.R. at 33-70]

Appellee's ads also violated the Texas Election Code in that they did not contain the disclosures required by Texas Election Code 255.001. [C.R. at 33-70]

In an exercise of Appellee's free speech rights under the First Amendment of the United States Constitution and Section 8, Article 1 of the Bill of Rights contained in the Texas Constitution, Appellant's lawyers, acting on his behalf, wrote letters to the broadcasters explaining in detail why the ads in question contained false and defamatory information and did not contain the proper disclosures required by *Texas Election Code* 255.001. [C.R. at 33-70, 71-72] These letters also threatened legal action if the ads were not edited to omit the defamatory content and to include the disclosures required by the Texas Election Code. [C.R. at 33-70, 71-72].

## STANDARD OF APPELLATE REVIEW

In order to obtain a dismissal under the TCPA, a defendant must show 'by a preponderance of evidence that the legal action is based on, relates to, or is in response to the party's exercise of the right of free speech; the right to petition; or the right of association." Tex. Civ. Prac. & Rem. Code § 27.005. This determination is reviewed de novo as an application of law to the facts. *See Better Business Bureau of Metropolitan Houston, Inc. v. John Moore Serv., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist] 2013, pet. denied).

## SUMMARY OF THE ARGUMENT

The TCPA defines "the exercise of the right of free speech" as "a communication made in connection with a matter of public concern." Tex Civ. Prac. & Rem. Code § 27.001(3). A sitting State Senator commenting on legislation he sponsored in the Texas Senate is pure political speech and exactly the kind of free speech that the TCPA was designed to protect. Such comments were about a matter of public concern (the election contest and the intent and effect of Senate Bill 303) as defined in *Texas Civil Practice & Remedies Code* § 27.001(3). The trial court should have dismissed Appellee's lawsuit because Appellant proved by a preponderance of the evidence that Appellee's lawsuit was based on Appellant's exercise of his right of free speech. *See Texas Civil Practice & Remedies Code* § 27.005(1). If Appellant met his burden, then the burden shifts to Appellee to

5

establish, by clear and specific evidence, a prima facie case for each element of the claim in question.

Regardless of whether Appellee was able to establish a prima facie case for each element of its tortious interference claim, the TCPA requires that the Court dismiss a Appellee's legal action against Appellant because Appellant established by a preponderance of the evidence each essential element of the valid defense of judicial immunity. *Tex. Civ. Prac. & Rem. Code* § 27.005(d)

Regardless of whether Appellee was able to establish a prima facie case for each element of its tortious interference claim, the TCPA requires that the Court dismiss an Appellee's legal action against Appellant because Appellant established by a preponderance of the evidence each essential element of the valid defense of illegal contract. *Tex. Civ. Prac. & Rem. Code* § 27.005(d)

## ARGUMENTS AND AUTHORITIES

**Exercise of Free Speech**

"Exercise of the right of free speech" means a communication made in connection with a matter of public concern.

Tex. Civ. Prac. & Rem. Code § 27.001(3)

"Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.

Tex. Civ. Prac. & Rem. Code § 27.001(1)

6

Appellant hired an attorney to send letters to Cumulus Media and Salem Communications in order to complain about certain political attack ads that misrepresented the purpose and effect of certain legislation sponsored by Appellant as a State Senator for the State of Texas. [C.R. at 30-32]. That bill was Senate Bill 303 which was designed to add more protection to human life than the existing *Texas Advance Directives Act of 1999.* The ads in question were aired during the leadup to the Texas Republican Primary runoff election held on May 27, 2014. The ads contained false information about Senate Bill 303 and false and defamatory information regarding Appellant.

Appellant's attorney wrote a series of letters to Cumulus Media and Salem Communications demanding that they cease and desist in running the false and defamatory ads. [C.R. at 33-70 and 71-72]. A sitting State Senator commenting on a matter of public concern, in this case commenting on political ads that contained false and defamatory information related to the Senator and legislation that he sponsored in the Texas Senate, is pure political speech. This is exactly the kind of speech that the TCPA is designed to protect. Appellee's lawsuit is designed specifically to discourage candidates and office holders from opposing Appellee in any way or even to question the legality of their ads. As the Affidavit of Scott M. Tschirhart shows, the scripts were changed to delete certain defamatory and false

7

information and modified to include the language required by the Texas Election Code. [C.R. at 71-72].

Appellant has established, based on a preponderance of the evidence, that the communications complained of involve the exercise of the right of free speech as required by *Texas Civil Practice & Remedies Code* §27.005(b)(1). Therefore the Court should dismiss Appellee's lawsuit. In connection with the dismissal, the Court should award attorneys' fees and costs to Appellant as set forth in *Texas Civil Practice & Remedies Code* § 27.009 or remand the case back to the trial court to make a determination of the proper measure of attorneys' fees and costs to be awarded to Appellant.

**Shift of Burden**

Since Appellant has established that the communications complained of involve the exercise of the right of free speech, the burden shifts to Appellee to establish, by clear and specific evidence, all of the elements of a cause of action for tortious interference with contact. *Tex. Civ. Prac. & Rem Code* §27.005(c).

In order to establish a cause of action for tortious interference, a plaintiff must prove (1) that a contract subject to interference exists; (2) that the defendant committed a willful and intentional act of interference with the contract; (3) that the plaintiff sustained actual damages or loss. *See ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex. 1997). In order to avoid dismissal pursuant to the TCPA,

8

a plaintiff must establish each of these elements by clear and specific evidence. *Tex. Civ. Prac. & Rem Code* § 27.005(c). The only evidence submitted by Appellee in the present case is the Affidavit of James J. Graham. [C.R. at 101-104].

Appellee fails to establish the first element, that a contract subject to interference exists, because the Affidavit of James J. Graham is conclusory and does not reference the terms of any specific contract(s). There simply is no clear and specific evidence that the contract(s) exist. Because Appellee failed to attach copies of the alleged contracts, there is no way to determine that the contracts are not subject to interference. *See ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 431(Tex. 1997)(finding that the express terms of the contract in question showed that it was not subject to tortious interference allegations, and therefore the defendant could not have interfered as a matter of law.). Absent the express language of the alleged contracts, there is no clear and specific evidence that the alleged contracts are not subject to interference.

Additionally, Appellee fails to establish the first element, that a contract subject to interference exists, because the Affidavit of James J. Graham does not address the illegality of the alleged contracts.

A defendant cannot be held liable for tortious interference with a contract that is unenforceable because it is illegal. *See Flynn Bros. V. First Med. Assocs.,* 715 S.W.2d 782, 785 (Tex. App.—Dallas 1986, writ refd. n.r.e.). A contract is illegal if

the contract or its performance will result in a willful violation of a constitution, statute or ordinance. *GNG Gas Systems v. Dean,* 921 S.W.2d 421, 427 (Tex. App.—Amarillo 1996 writ denied); *Araiza v. Chapa,* 319 S.W.2d 742, 743 (Tex. App.—San Antonio 1958, writ ref'd n.r.e). "A contract to do a thing which cannot be performed without a violation of the law is void." *Lewis v. Davis*, 199 S.W.2d 146, 148-49 (Tex. 1947).

In this case, the contracts called for the radio stations to run political advertisements that violated *Texas Election Code* 255.001. *Texas Election Code* 255.001 prohibits a person—including a corporate entity—from broadcasting political advertising containing express advocacy that does not indicate in the advertising the following: (1) that it is political advertising; and (2) the full name of the person who paid for the political advertising. These advertisements ended with "Proudly paid for by Texas Right to Life." [C.R. at 30-32]. The scripts of the advertisements do not contain an acknowledgement that they are, in fact, "political advertising." [C.R. at 30-32]. Nor do they contain the full name of the person who paid for the advertising. [C.R. at 30-32]. Therefore, the alleged contracts and the performance thereof, would have resulted in a willful violation of a statute, the *Texas Election Code*.

Because the *Affidavit of James J. Graham* does not address the illegality of the alleged contracts, it does not provide the clear and specific evidence required to avoid dismissal. *Tex. Civ. Prac. & Rem Code* § 27.005(c).

The *Affidavit of James J. Graham* likewise fails to provide clear and specific evidence with regard to the second and third elements as well.

With regard to the required element that the defendant committed a willful and intentional act of interference with the contract, the Affidavit only refers to a hearsay statement:

> On or about May 14, 2014, Texas Right to Life Committee, Inc., received notice from Cumulus Media and Salem Communications that agents of Mr. Deuell had contacted them and that they were suspending the airing of our commercials based upon the legal threats made by Mr. Deuell.

[C.R. at 102]. This allegation is not only hearsay, but it is not clear and specific about what individual from either Cumulus Media or Salem Communications sent the notice. It is not clear and specific about what the form of the notice was. It is not clear and specific about what individual employee or agent of Texas Right to Life Committee, Inc. received the notice. It is not specific as to the contents of the notice. It is not even specific as to the nature of the alleged tortious act. The *Affidavit of James J. Graham* does not provide the clear and specific evidence necessary to prove that Appellant committed a willful and intentional act of interference with any

11

specific contract and it does not provide the clear and specific evidence required to avoid dismissal.  *Tex. Civ. Prac. & Rem Code* § 27.005(c).

Likewise, the *Affidavit of James J. Graham* fails to provide clear and specific evidence with regard to the required element that the plaintiff sustained actual damages or loss.  The Affidavit merely contains a conclusory statement that:

> Recognizing that Mr. Deuell's interference had disrupted the timing and effectiveness of the radio advertisements originally contemplated by Texas Right to Life Committee, Inc., the organization recognized that it needed to take remedial measures to make up for the lost advertising time so it contracted with CBS Radio Texas for additional airtime in the Dallas/Ft Worth media market for the new radio advertisement.  Texas Right to Life Committee, Inc., paid approximately $15,037 for the placement and airing of the new radio advertisements with CBS Radio Texas.

[C.R. at 103].  This statement does not provide clear and specific evidence as to how many times the existing ads did not run.  The statement does not provide clear and specific evidence of the content of the replacement ads.  The statement does not provide clear and specific evidence of the number of times the ads on CBS Radio Texas were run. The statement does not provide clear and specific evidence that the ads were targeted in any way to the same audience or time spots that the Cumulus Media or Salem Communications ads would have reached, in fact, because the ads were run on different stations, it would be logical to conclude that these ads were targeted at a different audience.

Therefore, the *Affidavit of James J. Graham* does not provide the clear and specific evidence necessary to prove that Appellee sustained any actual damages required to avoid dismissal. *Tex. Civ. Prac. & Rem Code* § 27.005(c).

Because Appellee cannot carry the burden of showing, by clear and specific evidence, every element of its tortious interference claim, the Court must dismiss Appellee's lawsuit. In connection with the dismissal, the Court should award attorneys' fees and costs to Appellant as set forth in *Texas Civil Practice & Remedies Code* § 27.009 or remand the case back to the trial court to make a determination of the proper measure of attorneys' fees and costs to be awarded to Appellant.

**Judicial Privilege**

Even if the Appellee could establish, by clear and specific evidence, every element of its tortious interference claim (and it cannot do so), the Court must dismiss Appellee's lawsuit if Appellant establishes, by a preponderance of the evidence, each essential element of a valid defense to Appellee's tortious interference claim. *Tex. Civ. Prac. & Rem. Code* §27.005(d).

The Texas Supreme Court described the judicial privilege in this manner: "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, and the rule of nonliability prevails even though the

13

statement was not relevant, pertinent and material to the issues involved in the case." *Reagan v. Guardian Life Ins. Co.,* 166 S.W.2d 909, 912 (Tex. 1942). The Court later expanded the scope of the privilege beyond slander and libel. *See Bird v. W.C.W.*, 868 S.W.2d 767, 771-72 (Tex. 1994) (extending the absolute privilege to pre-trial proceedings and statements defeating the plaintiff's negligence claim where plaintiff's damages were basically defamation damages.). "Although most cases addressing the judicial communications privilege involve claims of libel or slander, Texas courts have consistently applied the privilege to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed on the claim." *Laub v. Pesikoff,* 979 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1998 pet. denied). The judicial immunity recognized in *Bird* is not limited only to claims styled as defamation claims, but instead extends to "claims arising out of communications made in the course of judicial proceedings, regardless of the label placed on the claim." *Crain v. Unauthorized Practice of Law Comm.,* 11S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

It is well established under Texas law that letters written by attorneys in anticipation of litigation are absolutely privileged. *See Russell v. Clark*, 620 S.W.2d 865, 869 (Tex. App-Dallas 1981, writ ref'd n.r.e.) "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications **preliminary to a proposed judicial proceeding**, or in the institution of, or during

the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Id.*(emphasis added); *see also Watson v. Kaminski,* 51 S.W.3d 825, 827-28 (Tex. App.—Houston [1ˢᵗ Dist] 2001, no pet)(holding that an attorney's letter alleging that a prisoner was trying to extort money from appellants and that he was likely to be sued if he attempted to do so came within the judicial privilege even though no litigation was pending.); *Krishnan v. Law Offices of Preston Henrichson, P.C.,* 83 S.W.3d 295, 301-03 (Tex. App.— Corpus Christi 2002, pet. denied)(finding that an attorney's letters sent to a doctor to give notice of a negligence claim [under 4590i] and to request records, even though suit was never actually filed, were made in contemplation of judicial proceeding and were therefore privileged); *Crain v. Smith,* 22 S.W.3d 58, 62-63 (Tex. App.—Corpus Christi 2000, no pet.). Even if the potential litigants later decide not to file suit, "[t]here is no requirement that a person actually get sued for the privilege to apply; only that the statements are related to a contemplated judicial proceeding." *Krishnan*, 83 S.W.3d at 302-03.

> Whether a lawyer's out-of-court statement is related to a proposed or existing judicial proceeding is a question of law to be determined by the court. When deciding the issue, "the court must consider the entire communication in its context, and must extend the privilege to any statement that bears some relation to an existing or proposed judicial proceeding." All doubt should be resolved in favor of the relevancy of the statement.

15

*Dallas Ind. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 239 (Tex. App.—Dallas 2000, pet. denied)(quoting *Russell.*); *see also Daystar Residential, Inc. v. Collmer*, 176 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist] 2004, writ denied)(finding that statements made by a lawyer to a newspaper in contemplation of and preliminary to filing suit were absolutely privileged).

The absolute judicial privilege applies to tortious interference with contract claims. *See Griffin v. Rowden*, 702 S.W.2d 692, 695 (Tex. App.—Dallas 1985, writ ref'd n.r.e)(holding that the filing of a *lis pendens* was absolutely privileged in an action for tortious interference with contract.); *Crain v. Unauthorized Practice of Law Committee,* 11 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.], 1999 pet denied)(concluding that prior testimony by a witness was subject to the affirmative defense of absolute immunity to a claim of tortious interference).

In the present case, the communications complained of were demand letters sent to radio stations. [C.R. at 33-70]. Each of these letters was sent by Scott Tschirhart, an attorney representing Senator Deuell. [C.R. at 33-70 and 71-72]. Each of these letters specifically warn of anticipated litigation. The letters contain statements like:

> **If your company does not immediately cease the broadcast of the illegal advertisements purchased by the Houston-based Texas Right to Life Committee, Inc., Senator Deuell will exercise his right to injunctive relief in court to prevent the continuing harm.**

[C.R. at 46, 49]. These letters request if the recipient will accept service of process or whether suit must be served on their registered agents. [C.R. at 46, -49]. These letters contain notices of litigation hold and preservation demands, including:

**LITIGATION HOLD & PRESERVATION DEMAND**

> You are hereby on notice and should have reason to believe that litigation may result from the claims described above. . . pursuant to state and federal law, you are now under a legal duty to preserve all evidence, whether printed or electronic that might become relevant in this matter. . .

[C.R. at 35, 41]. Finally, these letters include admonitions for the recipients to contact their legal counsel immediately. [C.R. at 36, 42].

Since the communications complained of are clearly demand letters sent from an attorney in anticipation of litigation, "'the court must consider the entire communication in its context, and must extend the privilege to any statement that bears some relation to an existing or proposed judicial proceeding.' All doubt should be resolved in favor of the relevancy of the statement." *Dallas Ind. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 239 (Tex. App.—Dallas 2000, pet. denied).

Appellee has offered no controverting evidence, and Appellant has established, by a preponderance of the evidence, each essential element of a valid defense of judicial privilege to Appellee's tortious interference claim. *Tex. Civ. Prac. & Rem. Code* §27.005(d).

The Court must dismiss Appellee's lawsuit. In connection with the dismissal, the Court should award attorneys' fees and costs to Appellant as set forth in *Texas Civil Practice & Remedies Code* § 27.009 or remand the case back to the trial court to make a determination of the proper measure of attorneys' fees and costs to be awarded to Appellant.

**Illegal Contract**

Even if the Appellee could establish, by clear and specific evidence, every element of its tortious interference claim (and it cannot do so), the Court must dismiss Appellee's lawsuit if Appellant establishes, by a preponderance of the evidence, each essential element of a valid defense to Appellee's tortious interference claim. *Tex. Civ. Prac. & Rem. Code* §27.005(d).

A defendant cannot be held liable for tortious interference with a contract that is unenforceable because it is illegal. *See Flynn Bros. V. First Med. Assocs.,* 715 S.W.2d 782, 785 (Tex. App.—Dallas 1986, writ refd. n.r.e.). A contract is illegal if the contract or its performance will result in a willful violation of a constitution, statute or ordinance. *GNG Gas Systems v. Dean,* 921 S.W.2d 421, 427 (Tex. App.—Amarillo 1996 writ denied); *Araiza v. Chapa,* 319 S.W.2d 742, 743 (Tex. App.—San Antonio 1958, writ ref'd n.r.e). "A contract to do a thing which cannot be performed without a violation of the law is void." *Lewis v. Davis*, 199 S.W.2d 146, 148-49 (Tex. 1947).

In this case, the contracts called for the radio stations to run political advertisements that violated *Texas Election Code* 255.001. *Texas Election Code* 255.001 prohibits a person—including a corporate entity—from broadcasting political advertising containing express advocacy that does not indicate in the advertising the following: (1) that it is political advertising; and (2) the full name of the person who paid for the political advertising. These advertisements ended with "Proudly paid for by Texas Right to Life." [C.R. at 30-32]. The scripts of the advertisements do not contain an acknowledgement that they are, in fact, "political advertising." [C.R. at 30-32]. Therefore, the alleged contracts and the performance thereof, would have resulted in a willful violation of a statute, the *Texas Election Code*. After the letters dated May 19, 2014 (which specifically complained about the violation of the Texas Election Code) were sent, the scripts of the advertisements were changed to include language that complied with the *Texas Election Code* and no further letters were sent to the radio stations. [C.R. at 71-72].

Appellee has produced no controverting evidence.

Because the contracts and the performance thereof, would have resulted in a willful violation of a statute, namely the *Texas Election Code*, the Court must find that Appellant has established, by a preponderance of the evidence, that the contracts were illegal and Appellant has established the affirmative defense of illegality. Therefore, the Court must dismiss Appellee's lawsuit pursuant to *Texas Civil*

*Practice & Remedies Code* §27.005(d). In connection with the dismissal, the Court should award attorneys' fees and costs to Appellant as set forth in *Texas Civil Practice & Remedies Code* § 27.009 or remand the case back to the trial court to make a determination of the proper measure of attorneys' fees and costs to be awarded to Appellant.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Appellant Bob Deuell prays the Court dismiss Appellee's lawsuit pursuant to Appellant's Motion to Dismiss pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code, and award Appellant his appellate costs and remand the case to the trial court for a determination of court costs, reasonable attorney's fees, and other expenses incurred in defending this legal action pursuant to Section 27.009(1) of the Texas Civil Practice & Remedies Code as well as sanctions against Appellee that the trial court may determine would be sufficient to deter Appellee from bringing similar actions in the future pursuant to Section 27.009(2) of the Texas Civil Practice & Remedies Code and for such further relief to which Appellant is justly entitled.

SIGNED on this the 17th day of February, 2015.

Respectfully submitted

**DENTON NAVARRO ROCHA BERNAL HYDE & ZECH, P.C.**
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745-5292
(512) 279-6431
(512) 279-6438 (Facsimile)
george.hyde@rampage-aus.com
scott.tschirhart@rampage-aus.com


By:    /s/SCOTT M. TSCHIRHART
       George E. Hyde
       State Bar No. 45006157
       Scott M. Tschirhart
       State Bar No. 24013655

       *ATTORNEYS FOR APPELLANT*
       *BOB DEUELL*


## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that the Appellant's Brief contains 4,707 words, which does not include the caption, identity of parties and counsel, statement regarding oral arguments, table of contents, table of authorities, signature, proof of service, certificate of compliance and appendix.

       /s/SCOTT M. TSCHIRHART
       George E. Hyde
       Scott M. Tschirhart

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individuals as indicated, and according to the Texas Rules of Civil Procedure and/or via electronic notification on this the 17th day of February, 2015:

N. Terry Adams, Jr.                     via electronic notification
**Beirne, Maynard & Parsons, L.L.P.**   tadams@bmpllp.com
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

Joseph M. Nixon                         via electronic notification
**Beirne, Maynard & Parsons, L.L.P.**   jnixon@bmpllp.com
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

James E. "Trey" Trainor, III            via electronic notification
**Beirne, Maynard & Parsons, L.L.P.**   ttrainor@bmpllp.com
401 W. 15th Street, Suit 845
Austin, Texas 78701

/s/SCOTT M. TSCHIRHART
George E. Hyde
Scott M. Tschirhart